## NATIONAL HAIRDRESSERS' & COSMETOLOGISTS' ASS'N, Inc., et al. v. PHILAD CO.

### Civil No. 249.

District Court, D. Delaware.

Sept. 22, 1944.

E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., for plaintiffs.

William H. Foulk, of Wilmington, Del., for defendant.

BIGGS, Circuit Judge.

Pursuant to the rule of this court, commonly known as the "One Year Rule," [1] promulgated November 11, 1938, the Clerk, by letters dated August 7, 1944, notified the parties through their respective counsel that the cause had been placed upon the

---

[1] The rule which is known colloquially as the "One Year Rule" is as follows:

"Causes pending in this Court in which no action has been taken by the parties for one year may be dismissed as of course, for want of prosecution by the Court on its own motion. It shall be the duty of the Clerk to mail notice of such inaction to counsel of record for all parties who have appeared in the cause, or to the par-

the calendar of cases to be called by the court at the opening of the September Term, 1944, and that if no action was taken in the cause in the meantime an order of dismissal would be entered as of course at the opening of the September Term, 1944.

■ The complaint in the suit at bar prays the court for a declaratory judgment declaring Reissue Patent No. 18,841 issued to Joseph Mayer, owned by The Philad Company as assignee when the suit was filed, to be invalid and void. No accounting was prayed for and no damages were asked by the plaintiffs. Neither damages nor an accounting may be had since Philad was the owner of the patent and the complaint prays that Philad be restrained from efforts to collect license fees under the patent.

On February 25, 1942, the defendant filed a motion to dismiss the complaint alleging, among other grounds, that it failed to state a claim upon which relief could be granted in a class action under Rule 23(a) (3) of the Rules of Civil Procedure. 28 U.S.C.A. following section 723c. In an opinion filed on January 12, 1943, 3 F. R. D. 199, the court held that the suit was a class action within the purview of the Rule since there was a class of persons in being who might benefit if the Mayer patent was held to be invalid in the instant suit. On July 26, 1943, the motion to dismiss was denied. No action has been taken since that date.

In an earlier suit filed in this court against Philad, brought by National Hairdressers' & Cosmetologists' Ass'n, Inc., and Fred The Hair Stylist, Inc., Civil Action No. 155, a final judgment was entered adjudicating Reissue Patent No. 18,841 to Mayer to be invalid and void. See 41 F. Supp. 701. The decision of this court was affirmed by the Circuit Court of Appeals for this Circuit. See 3 Cir., 129 F.2d 1020.

■ On June 28, 1943, pursuant to proceedings which need not be described here, the court entered an order in Civil Action No. 155 confirming a sale of the Mayer patent to Fred The Hair Stylist, Inc. in order to pay the costs of the proceeding at No. 155. In the instant suit the court may take judicial notice of the fact that the patent to Mayer, the subject matter of the instant suit, has been disposed of by a sale conducted under an order of this court and that the title to the patent is no longer in the possession of Philad. The suit at bar, therefore, is moot.

■■ But, since the suit has been held to be a class suit within the purview of Rule 23(a) (3), it may not be dismissed except in accordance with the provisions of subparagraph (3) of the Rule; that is to say, without the approval of the court subject to such notice, if any, as the court may require. Rule 23(c) is paramount to the local rule of the court. Under the circumstances, however, I can perceive no reason why the suit should not be dismissed or why notice should be given to any member of the class or classes which the plaintiffs seek to benefit. The suit at bar, moved toward dismissal by the "One Year Rule," is now ripe for dismissal. The situation is analogous to that which would exist had one of the parties made a motion for dismissal. In my opinion, an order of dismissal should now be entered, the dismissal being "without prejudice" as provided by the general order of this court entered March 7, 1941, amending the "One Year Rule." See note 1, supra.

The Clerk is directed to send copies of this memorandum to counsel in order that the parties may have the opportunity to be heard in the premises if they so desire. If, after thirty days, no action is taken by the parties, an order of dismissal will be entered.

---

ties thereto if their Post Office addresses are known, at least thirty days before the opening of the next succeeding term of the Court. If such notice has been given and no action has been taken in the case in the meantime an order of dismissal shall be entered as of course. Such causes may also be dismissed for want of prosecution on motion by any party upon thirty days' notice to the other parties. Notice of the entry of an order of dismissal shall be given by the Clerk to the attorneys of record for all parties who have appeared in

the cause by mailing to each a copy of such order of dismissal at his last known Post Office address."

In this connection an order dated March 7, 1941 should be noted. It is as follows:

"Ordered by the Court that dismissal of a cause pending in this Court in which no action has been taken by the parties for one year under Rule of this Court promulgated November 11, 1938, shall be without prejudice unless otherwise specified in the order of dismissal."