In re **ALLIED ARTISTS PICTURES CORPORATION, Debtor.**

**Kenneth E. RAINE, as Trustee under a certain Trust Agreement entitled "Hollywood Film Trust Agreement (February 1, 1954)" with Allied Artists Pictures Corporation and Allied Artists Productions, Inc., Appellant-Plaintiff,**

v.

**ALLIED ARTISTS PICTURES CORPORATION, Respondent-Defendant.**

No. 86 Civ. 0368 (CBM).

United States District Court,
S.D. New York.

March 4, 1987.

Bryer & David by Marvin M. David, New York City, for appellant-plaintiff.

Angel & Frankel, P.C. by Bruce Frankel, Martin Eisenberg, New York City, for defendant-appellee.

## OPINION

MOTLEY, Senior District Judge.

Kenneth Raine, as Trustee of the "Hollywood Film Trust Agreement (February 1, 1954)" appeals from the order of Bankruptcy Judge Cornelius Blackshear dismissing his complaint against the debtor, Allied Artists Pictures Corporation, for failure to state a claim upon which relief can be granted. The basis for the bankruptcy judge's decision, as expressed orally from the bench, was essentially that Raine's cause of action had been mooted by events subsequent to the filing of the complaint. Upon full review of the record, and for the reasons that follow, the decision of the bankruptcy judge is affirmed.

*Background*

In 1979, defendant-appellee Allied Artists Pictures Corporation ("Pictures") filed for Chapter 11 bankruptcy. Among the debt-

or's significant assets was a library of motion pictures. At least some of these movies were subject to a trust agreement, the "Hollywood Film Trust Agreement (February 1, 1954)." Simply for context, and very broadly speaking, it will suffice to say that the purpose of the Trust Agreement was to obtain for producers the permission to televise movies in which professional musicians had performed. In exchange for this right, a system was established whereby royalties were paid into the Trust for the benefit of the community of professional musicians. More to the point at issue here, Allied Artists Pictures, as a first party signatory to the Trust Agreement, was required to make certain payments to the Trustee each time Pictures authorized covered films to be televised. The Agreement also provided that none of the covered films could be sold or otherwise transferred unless the transferee was already, or was willing to become, a first party signatory to the Trust Agreement.

Soon after Pictures filed for Chapter 11 reorganization, plaintiff-appellant Raine, as Trustee of the Hollywood Trust Agreement, filed a complaint in the Bankruptcy Court seeking a declaratory judgment that the debtor could not transfer its film library except in accordance with the Trust Agreement. Specifically, Raine sought a judgment that the covered films could not be transferred to anyone who was not a participant in the Trust Agreement and thus would not be bound by its royalty provisions. By stipulation of the parties and upon order of the then Bankruptcy Judge Galgay dated October 11, 1979, the declaratory judgment proceeding was adjourned *sine die*, the court having found that no transfer seemed imminent. The stipulation and order provided, however, that prior to any proposed sale of its rights in covered films, Pictures was to give mail notice of such proposed sale to the Trustee so that the declaratory judgment proceeding could be reactivated if desired.

In March of 1980, after notice to Pictures' creditors, the bankruptcy judge issued an order authorizing Pictures to sell substantially all of its assets, including its film library and the rights thereto, to Lorimar Productions, Inc. Soon thereafter, Pictures proceeded with the sale to Lorimar, a non-signatory to the Trust Agreement. The parties disagree as to whether Pictures furnished the Trustee with the requisite notice prior to this sale, as agreed to and ordered in the October 1979 stipulation adjourning the Trustee's declaratory judgment action. This court notes, however, that on February 21, 1980, several weeks prior to the bankruptcy judge's order authorizing the deal with Lorimar, the Trustee had in fact filed an objection to the proposed sale based in part on the fact that Lorimar was not a signatory to the Trust Agreement.

Subsequent to Lorimar's purchase of its films, Pictures gave the Trustee and other interested parties notice of the sale by way of a motion to reject contracts. Productions' motion to reject, which in addition to the Trust Agreement at issue here involved numerous movie distribution agreements, was based on the fact that Pictures no longer owned the films which had formed the subject of these many contracts. The Trustee timely filed an opposition to the motion to reject.[1] Argument on this motion was continuously adjourned, however, and in May 1984 when Bankruptcy Judge Galgay died, the matter was apparently still not resolved.

Subsequent to Judge Galgay's death, the Trustee succeeded in having his declaratory judgment action against Pictures restored to the bankruptcy court's active calendar. Pictures moved to dismiss the complaint on the ground that since Pictures no longer possessed any interest in the covered films, the question as to whether it was bound by the transfer restrictions of the

---

1. As to the Trustee's objections to the actual transfer of the covered films to Lorimar (as opposed to its objections to Pictures' attempt to reject its contractual obligations under the Trust Agreement), it is not clear that these objections were ever pursued by the Trustee at any time between the March 1980 order authorizing the Pictures/Lorimar deal and the Trustee's May 1985 motion (*see* main text *infra*) for restoration to the active calendar of the bankruptcy court of the Trustee's declaratory judgment action and its objections to transfer.

Trust Agreement was moot. Pictures also argued laches. After oral argument, but without formal opinion, Bankruptcy Judge Blackshear summarily granted the motion to dismiss.

*Discussion*

■ Under the standard of review that this court must apply to the bankruptcy judge's decision, findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013, 11 U.S.C. The district court must make an independent review, however, of the bankruptcy court's conclusions of law. *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984).

Although the bankruptcy judge issued no formal findings of fact or conclusions of law, in his statements from the bench, and in his order's explicit reference to the parties' submissions in the case, the judge made quite clear the factual and legal basis for his dismissal of the Trustee's declaratory judgment action. *See* Transcript of Dec. 5, 1985 hearing, p. 19–20. *Cf. In re Clarkson*, 767 F.2d 417 (8th Cir.1985)(explicit determinations reviewable despite failure to elucidate factual findings). The basis for the dismissal was simply that the Trustee's action had been mooted approximately five years earlier by Pictures' sale of its film library to Lorimar.

■ Accordingly, the single factual determination material to the bankruptcy judge's decision[2] was that Pictures had sold its covered films to Lorimar in the spring of 1980.[3] That this sale was effectively accomplished at that date does not appear to be disputed by either party. The only ground on which the bankruptcy judge's decision can be challenged, therefore, is his legal conclusion that the case was moot due to the fact that Pictures had disposed of the covered films years earlier.

■ The purpose of a declaratory judgment, which is provided for by Bankruptcy Rule 7001(9), is to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships. *See* 28 U.S.C. section 2201; Fed. R.Civ.P. 57; *Beacon Construction Co., Inc. v. Matco Electric Co., Inc*, 521 F.2d 392, 397 (2d Cir.1975). A distinctive characteristic of this remedy is that the declaration stands by itself and no executory process follows as a matter of course. *Gutensohn v. Kansas City Southern Ry. Co.*, 140 F.2d 950, 953 (8th Cir.1944). *But see* 28 U.S.C. section 2202 (further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and a hearing, against any adverse party whose rights have been determined by such judgment). In this connection, it is important to remember that the only relief ever sought by the Trustee in the action herein appealed, was a declaratory judgment against Pictures that those films subject to the Trust Agreement could not be transferred during the course of the Chapter 11 proceeding unless the transferee became a participant in the Trust Agreement. No money damages were sought. No reconsideration of the bankruptcy court's order authorizing the sale to Lorimar was ever sought. Indeed, it is far from clear that the Trustee's action ever included any application for injunctive relief.

■ A declaratory judgment may be rendered only to resolve some *actual* controversy. 28 U.S.C. section 2201 (covering declaratory judgment actions brought in "any court"). An action becomes moot, and thus not a proper subject for declaratory judgment or any other form of adjudication, when the judgment sought, even if

---

**2.** Although in a motion to dismiss for failure to state a claim factual conclusions are ordinarily irrelevant, the sufficiency of the complaint being purely a legal matter, where justiciability, and in particular, mootness, is at issue, factual determinations are obviously necessary. Indeed, to the extent that defendant's motion to dismiss is based on mootness, it is perhaps more accurately characterized as a motion to dismiss for lack of subject matter jursidiction. Fed.R. Civ.P. 12(b)(1); Bankruptcy Rule 7012(b).

**3.** The information set forth in the "background" section of this opinion, which is derived from the various bankruptcy court submissions and orders included in the record on appeal, is thus not technically material to the legal issue presented here.

granted, could have no practical effect upon the alleged controversy. *Flight Engineers' International Ass'n. v. Trans World Airlines, Inc.,* 305 F.2d 675, 680 (8th Cir.1962); *Perez v. Secretary of Health, Education and Welfare,* 354 F.Supp. 1342, 1346 (D.P.R.1972).

■ In commercial contexts generally, this may occur where some change of circumstances renders meaningless the declaration of rights sought by plaintiff. *See National Hairdressers' & Cosmetologists' Ass'n. v. Philad Co.,* 4 F.R.D. 106 (D.C.Del. 1944) (suit for declaratory judgment that patent was void rendered moot by sale of patent under order of court in another action so that defendant no longer held title to patent). In the bankruptcy context too, whether the suit be one for declaratory relief or otherwise, where circumstances have changed pending a determination such that no effectual relief can be granted, the action must be dismissed as moot. *In re REA Express, Inc.,* 2 B.R. 730, 733 (S.D.N. Y.1980) (petition for order directing Public Service Commission to reinstate a common carrier certificate of public convenience was moot where bankrupt had previously sold its operating authorities to a third party); *Local Joint Executive Board AFL–CIO v. Hotel Circle, Inc.,* 419 F.Supp. 778, 783–84 (S.D.Cal.1976), *aff'd.* 613 F.2d 210 (9th Cir.1980) (where circumstances so change during pendency of bankruptcy appeal that no meaningful relief can be granted, the reviewing court will dismiss the appeal as moot).

■ In the present case, the relief sought by the Trustee, namely an order declaring restrictions on Pictures' ability to transfer its film library, could not meaningfully have been granted by Judge Blackshear more than five years after Pictures had already accomplished the sale. Thus, the trustee's action was moot, and in the most literal sense, the Trustee's action failed to state a claim upon which relief could be granted. Accordingly, the action was properly dismissed by the bankruptcy judge pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(b)(6).

■ Appellant has argued that its claim is not moot because the bankruptcy proceeding was infected by extrinsic fraud. By extrinsic fraud, plaintiff-appellant is referring to Pictures' alleged failure to comply with the court-ordered notice requirements incorporated in the Trustee's 1979 stipulation agreeing to an adjournment *sine die* of his declaratory judgment action. Appellant also argues that its claim should not have been dismissed because the Trustee was not the one responsible for the bankruptcy court's delay in adjudicating the declaratory judgment action at issue here.

Whether there is any merit to appellant's contentions regarding "fraud" or the responsibility for delay, these contentions are irrelevant here. If appellant believed that the judicial authorization for the Pictures/Lorimar deal was the product of fraud he should have moved to vacate that order. Moreover, regardless of the responsibility or rationale for the continuous adjournments of the bankruptcy proceedings from 1980 to 1984, for purposes of this appeal, the dispositive fact is that very early on, between the filing of the Trustee's action in 1979 and the sale of the Pictures' library in spring 1980, changed circumstances rendered moot any action for declaratory judgment as to Pictures' obligations under the Trust Agreement.

The bottom line here is that whatever injustice may have been involved in Pictures' sale of its film library to a non-participant in the Trust Agreement, the sale was accomplished in 1980 and was accomplished pursuant to court order. If there are indeed any remedies now available to the Trustee, included among them is clearly *not* a declaratory judgment delineating the rights and obligations of Pictures, an entity apparently no longer in existence, in a property it no longer owns.

*Conclusion*

In accordance with the foregoing, the December 13, 1985 order of Bankruptcy Judge Blackshear dismissing plaintiff-appellant's complaint for failure to state a

450

claim is affirmed. This appeal is hereby dismissed.