In the Matter of Rodney Wayne BOR-DER, Joretta F. Border, Debtors.

Rodney Wayne BORDER, Joretta F. Border, Plaintiffs.

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 3–89–01479.
Adv. No. 3–89–0345.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 22, 1990.

Roy D. Boucher, Dayton, Ohio, for debtors.

Pamela Millard Stanek, Asst. U.S. Attys., Dayton, Ohio, Jonathan P. Welch, U.S. Dept. of Justice, Tax Div., Washington, D.C., for IRS.

## DECISION ON ORDER GRANTING DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, (B)—allowance or disallowance of claims against the estate and (O) proceedings affecting the adjustment of the debtor-creditor relationship.

The debtors, Rodney and Joretta Border, filed a joint petition under Chapter 13 of the Bankruptcy Code on April 21, 1989. The Schedule Of Debts (Page 3) filed in the debtors' initial Plan (Doc. 10, Case No. 3–89–01479) lists an estimated ninety-five thousand dollar debt ($95,000.00) (the Border claim) due the Internal Revenue Service (IRS) with the following remarks: "Border Machine & Manufacturing, Inc. owes S.S. Withholding and FUIT and Debtor is President." The Codebtor Schedules (Page 9) filed in the debtors' initial Plan provide that the debtor-husband is liable to the IRS for ninety-five thousand dollars ($95,000.00) in connection with Border Machine & Manufacturing, Inc. (Border Machine) for Employees' Withholding Taxes, Social Security and FUIT and refers to the Schedule Of Debts (Page 3). Section VII in the debtors' initial Plan provides that all "[a]llowed claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments as a class 3 claim." The debtors filed a Motion to Modify Plan Before Confirmation (Doc. 26, Case No. 3–89–01479) on June 20, 1989. Modifica-

tion No. 9 pertains to the Border claim and provides that "[a]llowed claims for taxes and pre-petition interest to be paid in full per Par. VII of original Plan and penalty portion to be treated as unsecured claim." The Order confirming the debtors' modified Plan (Doc. 36, Case No. 3–89–01479) was entered on September 20, 1989.

On October 25, 1989, the Chapter 13 Trustee filed a Notice of Intention to Pay Claims (Doc. 40, Case No. 3–89–01479), which contains a listing of those claims the Trustee's records indicate have been filed and which he proposes to pay pursuant to the terms of the confirmed plan. The Border claim is not included in this listing.

Pursuant to this court's Order (Doc. 3, Case No. 3–89–01479), the last day to file a proof of claim was August 21, 1989. Although the IRS filed various proofs of claim concerning the debtors' income tax obligations, it has not filed a proof of claim for the Border claim, nor has it sought an extension of time in which to file such a proof of claim.

The debtors filed this Complaint for Declaratory Judgment and Injunction (Doc. 1). The IRS filed its Answer And Defenses (Doc. 9). The debtors filed Plaintiffs' Motion For Summary Judgment (Doc. 12) and the IRS filed Defendant's Opposition To Plaintiffs' Motion For Summary Judgment and Cross–Motion For Summary Judgment (Doc. 15). Debtors also filed Plaintiffs' Brief In Reply To "Defendant's Opposition To Plaintiffs' Motion For Summary Judgment" (Doc. 17) and the IRS filed United States' Reply Memorandum To Plaintiffs' Brief In Response To United States' Cross–Motion For Summary Judgment (Doc. 18).

## ARGUMENT OF THE PARTIES

Debtors seek a declaration from this court that the Border claim will be discharged upon completion of payments pursuant to their confirmed plan and an order enjoining the IRS from collection proceedings during the pendency of this Chapter 13 case and, upon completion of their plan, permanently enjoining the IRS from collection of any prepetition tax claim against the debtors in connection with Border Ma-

chine. The debtors recognize that the Border claim is a § 507 priority claim and that § 1322(a)(2) requires that the plan provide for full payment of such a claim. The debtors contend that their confirmed plan provides for full payment of the Border claim and thus they are entitled to the full discharge of this claim upon completion of the plan. The debtors assert that the IRS must file a proof of claim to receive distribution of the Border claim. Since the IRS did not timely file a proof of claim, or timely file a request to extend the time in which to file a proof of claim concerning the Border claim, it is not entitled to receive payment; nevertheless, the Border claim must be discharged upon completion of the plan (§ 1328).

The IRS argues that § 1322(a)(2)'s requirement that the debtors' Plan provide for full payment of all § 507 priority claims is a mandatory provision which requires that the IRS actually receive full distribution of the amount of the Border claim as a prerequisite for obtaining a discharge. The IRS contends that full payment of the Border claim, an acknowledged § 507 claim, is required to meet the statutory demands of § 1322(a)(2) and the presence or absence of a timely filed proof of claim is not determinative of the discharge of such a claim.

## INJUNCTION, DECLARATORY AND SUMMARY JUDGMENT

■ As a preliminary matter, this court must determine whether injunctive relief, declaratory judgment and summary judgment can issue in this proceeding.

Debtors request that this court issue injunctive relief pursuant to Bankruptcy Rule 7001(7) and § 105 of the Code. The Rule requires that an adversary proceeding be initiated "to obtain an injunction or other equitable relief." The court notes that the injunctive relief sought here is generally provided by operation of § 362 and § 524 of the Code, without separate specific orders of the court. Bankruptcy Rule 7001(7) contemplates the institution of adversary proceedings for specific injunctive relief not encompassed by § 362(a) and

§ 524(a). *See,* 9 Colliers on Bankruptcy Para. 7001.10 (15th ed. 1989). Although this court believes that the above Code sections prevent any efforts by the IRS to collect on its prepetition claim against the debtor, to the extent that the general provisions of § 362(b) could be deemed applicable to the issues presented in this proceeding, the court determines that § 105 provides authority for this court to issue the specific injunctions requested by the debtors.

■ Federal Rule of Civil Procedure (Fed.R.Civ.P.) 57 which governs declaratory judgments is not applicable to bankruptcy proceedings; however, Bankr.Rule 7001(9) provides that this remedy is available in connection with the various adversary proceedings enumerated in Bankr. Rule 7001(1)–(8). The source of the declaratory judgment remedy is 28 U.S.C. 2201 (1984) which provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of Canadian merchandise, as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

This section provides that any court of the United States can grant this remedy. Pursuant to 28 U.S.C. §§ 151–158, the bankruptcy court, a unit of the district court, has the authority to exercise the declaratory judgment power. *See, Amatex Corp. v. Aetna Casualty & Surety Co. (In re Amatex Corp.),* 107 B.R. 856, 862 (D.E.D.Pa. 1989); 9 Collier on Bankruptcy § 7001.12, at 7001–27 (15th ed. 1989).

The purpose of declaratory judgment is to "settle legal rights and remove uncertainty and insecurity from legal relationship without awaiting violation of rights or disturbance of relationships." *Raine v. Allied Artists Pictures Corp. (In re Allied Artists Pictures Corp.)* 71 B.R. 445, 448 (D.S.D.N.Y.1987). Declaratory judgments are only available to resolve actual controversy, and courts refrain from entering declaratory judgments when the judgment would have "no practical effect upon the alleged controversy." *Id.* at 448–449. Further, the trial court's "grant or denial of declaratory relief must be predicated on an exercise of its discretion after full inquiry into all relevant considerations." *Allstate Insurance Co. v. Green,* 825 F.2d 1061, 1065 (6th Cir.1987). The Supreme Court has stated:

[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In undertaking such a determination the Sixth Circuit requires that the following five factors be considered:

1. whether the declaratory action would settle the controversy;

2. whether it would serve a useful purpose in clarifying the legal relations in issue;

3. whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";

4. whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction;

5. and whether there is an alternative remedy which is better or more effective.

*Allstate Insurance Co. v. Green* at 1063. *See also, Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.,* 791 F.2d 460, 462 (6th Cir.1986); *De-*

troit, Toledo and Ironton Railroad Co. v. Consolidated Rail Corp., 767 F.2d 274, 279 (6th Cir.1985); Mead Corp. v. Stuart Hall Co., 679 F.Supp. 1446, 1450 (S.D.Ohio 1987).

Upon consideration of the above factors in this proceeding, the court concludes that the interests at issue are indeed adverse and the facts allege an actual controversy sufficiently immediate to warrant the issuance of a declaratory judgment.

This Chapter 13 case has proceeded to the juncture where the trustee is about to commence disbursement of plan payments. The filings indicate that the debtors are firmly convinced that the IRS should not receive any distributions, while the IRS is just as strongly convinced that the opposite is true. The determination of this controversy would be useful, not only to the debtor and the IRS, but also to the Chapter 13 Trustee and all of the debtors' other creditors, since this decision will impact directly on the amount of funds available for distribution pursuant to the confirmed plan. Additionally, the determination will clarify the extent to which the Border claim may be discharged and there is no alternative remedy which is better or more effective.

The parties have also requested that the court issue a summary judgment in this proceeding. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court in three decisions in 1986 infused the summary judgment rule with renewed vitality. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986); and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In the wake of these decisions, the Sixth Circuit in Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir.1989) undertook an exhaustive analysis of summary judgment and a synthesis of the three Supreme Court decisions. The Street Court welcomed the " 'new era' in summary judgments dawned by virtue of the Court's opinions", Id. at 1476, and further noted:

> Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. If, after a sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the Liberty Lobby criteria, summary judgment is appropriate.

Id. at 1478.

Both parties assert that the material facts are not in dispute. Accordingly, summary judgment is appropriate in this proceeding.

## DISCUSSION

The Internal Revenue Code requires employers to withhold certain taxes from the wages of their employees and to remit those taxes to the IRS. See 26 U.S.C. § 3102(a) (1954) and 26 U.S.C. § 3402(a) (1954). Such withheld taxes are considered held by the employer as "a special fund in trust for the United States." 26 U.S.C. § 7501(a) (1982). It is undisputed that Border Machine failed to turnover such funds and, consistent with 26 U.S.C. § 6672(a)[1], the IRS assessed a penalty in the amount of the outstanding taxes against Rodney

---

1. § 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

　(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and

pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or

Border, personally.[2] It is also uncontested that the Border claim is a prepetition claim.

The discharge in chapter 13 is governed by 11 U.S.C. § 1328, which provides in material part:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt:
>
> (1) provided for under section 1322(b)(5) of this title; or
>
> (2) of the kind specified in section 523(a)(5) of this title.

Thus all debts that are 1) provided for by the plan or 2) disallowed under § 502 of this title are discharged, except for certain long-term debts (§ 1322(b)(5)) and certain alimony, maintenance and support obligations (§ 523(a)(5)). The Border claim is neither a long term debt (§ 1322(b)(5)) nor a support obligation (§ 523(a)(5)). Thus if the Border claim is either provided for by the plan or disallowed under § 502, it will be subject to discharge.

Although 11 U.S.C. § 502 addresses the allowance and disallowance of claims, this section contemplates a claim "proof of which is filed".[3] Bankr.Rule 3002(c) requires an unsecured creditor to file a proof of claim in a Chapter 13 case within 90 days after the first date set for the meeting of creditors, but provides that the time may be extended for governmental entities.[4]

The IRS admits it did not file a proof of claim, but asserts that it is not required to do so, since the plan must actually pay the Border claim in order for the debtors' plan to discharge the Border claim. In this case, although the IRS was properly notified, it has not filed a proof of claim, nor requested additional time in which to file a proof of claim in this case, and the time for the filing of proofs of claim has expired. *Daniel v. U.S. (In re Daniel)*, 107 B.R. 798, 802 (Bankr.N.D.Ga.1989); *In re Tomlan*, 88 B.R. 302, 304 (Bankr.E.D.Wash.1988) *rev. and remanded on other grounds, Ledlin v. U.S. (In re Tomlan)*, 102 B.R. 790 (D.E.D.Wash.1989). Accordingly, neither the issue of allowance nor the issue of disallowance is reached, since the IRS chose not to file a proof of claim. The remaining issue is whether the debtor's plan "provides for" the Border claim so that the claim is subject to discharge pursuant to § 1328(a).

not collected, or not accounted for and paid over....

**2.** The court notes that attached to the plaintiffs' motion for summary judgment is a letter from the IRS addressed to the debtors which mentions an outstanding tax obligation of forty-eight thousand five hundred and fifty-four dollars and fifty-nine cents ($48,554.59) while debtors' schedules lists this debt as ninety-five thousand dollars ($95,000.00). The absence of a determination of the exact amount of the Border claim does not present a sufficient dispute to preclude entering summary judgment. *Anderson*, 477 U.S. at 2510, 106 S.Ct. at 2510, *Street* at 1479–1480.

**3.** § 502. Allowance of claims or interests.

(a) A claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount....

**4.** Rule 3002. Filing Proof of Claim or Interest.

(a) Necessity for Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(4), 3003, 3004 and 3005.

(b) Place of Filing. A proof of claim or interest shall be filed in accordance with Rule 5005.

(c) Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof....

The debtors acknowledge that the Border claim is of the kind specified in § 507(a)(7)(G) and would, upon being allowed, be entitled to priority treatment. Further, the explicit language of Section VII of the debtors' plan declares that "[a]llowed claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments as a class 3 claim." The debtors argue that before the IRS can receive distribution on this acknowledged priority claim, a proof of claim must be filed. Failure to do so results in the priority claim being discharged without payment. The debtors cite *U.S. v. Vlavianos (In re Vlavianos)*, 71 B.R. 789 (Bankr.W.D. Va.1986), *In re Goodwin*, 58 B.R. 75 (Bankr.D.Me.1986), *Richard v. U.S. (In re Richards)*, 50 B.R. 339 (D.E.D.Tenn.1985) (*See also* L.B.R. D–3.18.9(a))[5] in support of their contentions.

The IRS argues that the term "provided for" in the context of priority claims requires that the plan must actually distribute the full amount of the claim to the IRS. The IRS argues it is entitled to such full distribution as a result of the priority status of the Border claim, not on the basis of whether or not the claim is allowed. The IRS argues that § 1322(a) does not discuss allowed claims, but priority claims. Therefore, whether a claim is allowed is not dispositive. The authority cited by the IRS for its position is the decision *In re Tomlan, supra*. The IRS acknowledges that the holding of the bankruptcy court was reversed by the district court in *In re Tomlan*, 102 B.R. 790 (D.E.D.Wash.1989), but suggests that the weight to be accorded the District Court's reversal of the Bankruptcy Court's decision is uncertain because the District Court's decision has been appealed to the 9th Circuit.

The provisions of Chapter 13 governing the contents of a proposed plan, 11 U.S.C. § 1322(a)(1) and (2) declare:

(a) The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

It must be recalled that a Chapter 13 discharge (§ 1328) only excludes certain long term debts (§ 1322(b)(5)) and certain support obligations (§ 523(a)(5)). Accordingly, debts under § 1322(a) are clearly eligible for discharge. Further § 1322(a)(2) references 11 U.S.C. 507(a)(7), which addresses only *allowed* unsecured claims of governmental units. Thus, contrary to the IRS' assertion, the provisions of Chapter 13 contain a condition precedent to receiving the distribution the Code contemplates for a priority claim—the threshold requirement is that a prepetition tax claim must be *allowed*. The District Court in *Tomlan*, 102 B.R. at 795, discussing an identical argument by the IRS in that proceeding, noted:

The flaw in the Bankruptcy Court's conclusion is that it has omitted a step in the process of obtaining the desired priority status. The first stage is potential entitlement to priority status. There is no question that potential entitlement existed here. The second stage entails performance of the steps necessary for satisfaction of the conditions precedent to obtaining priority status. The third stage is achievement of entitlement following completion of all conditions precedent. The final stage is confirmation of having obtained priority status. The Bankruptcy Court's definition of "entitled to" ignores the necessity of satisfying the conditions necessary to pass from mere potential entitlement to actual en-

5. D–3.18.9 Proofs of Claim

(a) Unless otherwise ordered by the Court, a creditor must timely file a proof of claim to receive payment under the provision of the Chapter 13 Plan. Any entity added to the sched-

ule of creditors by amendment shall have ninety (90) days from the first date scheduled for the meeting of creditors, or the date listed on the certificate of service of the amendment, whichever is later, in which to file a proof of claim.

titlement, specifically, the requirement that a priority claim must be timely filed.

. . . .

The IRS failed to meet that essential condition precedent to an award of priority status; therefore, it was not entitled to such status.

Assuming *arguendo* that this threshold requirement has been met, or need not be met as the IRS argues, § 1322(a)(2) does require that the plan provide for full payment of this claim. The IRS argues that § 1322(a)(2) requires that the plan not merely acknowledge the claim and list some provision concerning the claim, but that the plan must provide actual distributions sufficient to pay this claim in full.

This court finds this argument unpersuasive, as have the overwhelming number of bankruptcy courts presented with this argument: *See, Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1122 (9th Cir.1983) ("[p]rovided for" in Section 1328(a) simply requires that for a claim to become dischargeable the plan must "make a provision for" it, i.e., deal with it or refer to it"); *Workman v. U.S. (In re Workman)*, 108 B.R. 826, 830 (Bankr.M.D. Ga.1989) ("the IRS, like any other creditor must timely file a proof of claim or be barred from participation in the plan"); *Daniel v. U.S. (In re Daniel)*, 107 B.R. 798, 802 (Bankr.N.D.Ga.1989) (provided for means "deal with it or refer to it"); *In re Ungar*, 104 B.R. 517, 519 (Bankr.N.D.Ga. 1989) ("actual payment of a claim, even a priority tax claim is not required for the claim to be dischargeable"); *In re Miller*, 100 B.R. 898, 899–900 (Bankr.N.D.Ohio 1989) (a Chapter 13 plan "provides for" the payment of a tax claim, even though such claim is not paid due to the fact that a proof of claim was not timely filed); *In re Kiker*, 98 B.R. 103, 107 (Bankr.N.D.Ga. 1988) (tax claim which is provided for in the plan as a priority claim, is dischargeable, although not paid because proof of claim was not timely filed); *In re Ryan*, 78 B.R. 175 (Bankr.E.D.Tenn.1987) (the IRS must timely file a proof of claim to avoid discharge of the debt without actual payment); *In re Rothman*, 76 B.R. 38, 41

(Bankr.E.D.N.Y.1987); *In re Vlavianos, supra; Hunt v. U.S. (In re Hunt)*, 59 B.R. 718, 720 (Bankr.D.Me.1986); *In re Goodwin*, 58 B.R. 75, 77 (Bankr.D.Me.1986); *In re Richards, supra.*

The Ninth Circuit in its discussion of the "provided for" language of 1328(a) in *In re Gregory*, 705 F.2d at 1122 stated:

> We agree with the conclusion of the bankruptcy appellate panel that the phrase "provided for" in section 1328(a) simply requires that for a claim to become dischargeable the plan must "make a provision for" it, i.e., deal with it or refer to it. This construction seem reasonable, and Lawrence's efforts to support its construction of "provided for" as meaning "supplied a benefit" are not convincing.

Similarly, the court in *In re Goodwin*, 58 B.R. at 77 noted:

> The IRS misconceives the design of chapter 13. The purpose of the chapter is to grant "an individual with regular income" (11 U.S.C. § 101(27)) a fresh start through extension and composition plans, funded out of future income. For a chapter 13 plan to be successful and for the debtor to get his fresh start, the debtor and the standing trustee must know, early on, what claims must be paid. The method for determining this is the requirement ... that unsecured claims be filed within six months after the first date set for the first meeting of creditors. Failure to file, or a late filing, results in disallowance and discharge of any claim provided for by the plan upon completion of the plan under section 1328(a).
>
> The IRS would have the court rule that upon completion of the debtors' plan it may pursue the debtors on its claim. In other words, section 1328(a) should be interpreted to add an additional exception to discharge to section 1328(a) for "debts for which a proof of claim has not been timely filed."
>
> It requires but little imagination to realize that such interpretation would quickly mean death to chapter 13, in

spite of the clear intent of Congress to encourage the use of the chapter.

As the *Tomlan* court, 102 B.R. at 796, noted:

"In addition, there can never be a fresh start when creditors can avoid following the bankruptcy rules, either deliberately or through dilatoriness, but nevertheless hide in the wings ready to pounce upon the debtor just at that moment when he believes that he has finally paid his debts and regained financial stability."

■ It is uncontested that the IRS received notice of the debtors' chapter 13 filing. The IRS timely filed a proof of claim concerning the debtors' personal income tax liability, but failed to file a proof of claim with respect to the Border claim. By failing to file a proof of claim, the IRS seeks to escape the responsibility and consequences of the provisions of Chapter 13 while simultaneously arguing it is entitled to the benefits of Chapter 13. The court determines that in order to share in plan payments, the IRS like any other creditor, is required to file a proof of claim for any prepetition tax claim. If it does not, a priority tax claim that is properly scheduled and noticed, and for which the Chapter 13 Plan proposes full payment in compliance with 11 U.S.C. § 1322(a), will be discharged pursuant to 1328(a) of the Bankruptcy Code, upon completion of the Plan, whether or not any funds are distributed to the IRS.

Accordingly, the court GRANTS the debtors' motion for declaratory judgment, injunctive relief and summary judgment (Doc. 12).

Accordingly, the court will enter an order providing:

(1) declaratory judgment determining that any prepetition claims of the IRS against the debtors arising in connection with Border Machine & Manufacturing Inc., the Border claim, will be discharged pursuant to 11 U.S.C. § 1328 upon completion of the payments pursuant to the Debtors' Confirmed Modified Plan (Doc. 36); and, further,

(2) the IRS is enjoined, during the pendency of this case, from taking any action against the debtors or their property in an attempt to collect any prepetition claims of the IRS arising in connection with Border Machine & Manufacturing Inc., the Border claim; and, further

(3) upon completion of the payments pursuant to the Debtors' Confirmed Modified Plan (Doc. 36), any prepetition claims of the IRS against the debtors arising in connection with Border Machine & Manufacturing Inc., the Border claim, are discharged and, thereafter, the IRS is enjoined from taking any action against the debtors or their property in an attempt to collect any prepetition claims of the IRS against the debtors arising in connection with Border Machine & Manufacturing Inc., the Border claim.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.