**In the Matter of Joseph D. BESECKER, Renee C. Besecker, Debtors.**

**Bankruptcy No. 3–89–01970.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 7, 1992.

George W. Ledford, Englewood, OH, trustee.

De Wayne Smith, Troy, OH.

Pamela M. Stanek, Asst. U.S. Atty., Dayton, OH, for U.S.

## DECISION ON ORDER DETERMINING CLAIM

THOMAS F. WALDRON, Bankruptcy Judge.

The debtors' Chapter 13 petition and plan provided for a one hundred percent (100%) payment to the United States of America, Internal Revenue Service (the "IRS") in connection with priority taxes initially scheduled by the debtors in the amount of five thousand, nine hundred and twenty-eight dollars ($5,928.00) and eight thousand, eight hundred and fifty-four dollars ($8,854.00). The IRS was the only creditor scheduled in the debtor's plan (Doc. 1, 2). Following the debtors' Motion To Modify Plan Before Confirmation (Doc. 9), an Order Confirming Chapter 13 Plan (Doc. 14) was entered by the court. The IRS timely filed a proof of claim in the initial amount of nineteen thousand, eight hundred and sixty-five dollars and forty-one cents ($19,-865.41), although this amount has been reduced by payments reflected in United States of America's Statement Of Liability (Doc. 27, Ex. 3).

On May 15, 1992, the debtors filed a Motion For An order Finding The Plan Complete (Doc. 16) which, in part, requested an order determining that the debtors "have completed the plan and paid all of those obligations which are valid under the Order of this case." The trustee filed an objection which, in part, stated:

> The plan at VII provided "allowed claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments as a Class 3 claim." The debtors' records indicate that there is approximately $14,000.00 of unpaid taxes which fall within this category. Therefore, the debtor has failed to comply and to complete the plan as proposed and confirmed.

(Doc. 17). On June 30, 1992, the court entered an Order Sustaining Trustee's Objection To Motion For An Order Finding The Plan Complete (Doc. 21).

The specific focus of the proceeding *sub judice* is the debtors' Objection To The Proof Of Claim Of The IRS (Doc. 19) and the United States of America's Response To Debtors' Objection To Claim Of The Internal Revenue Service (Doc. 22). The parties' respective filings disclose the details of their divergent views concerning

the appropriate amount due from the debtors to the IRS. To a great extent, the issue turns upon the manner in which the IRS has calculated interest and applied payments in connection with the debtors' liability.

Following a conference held between counsel for the parties and the Chapter 13 Trustee, the Chapter 13 Trustee reported that the parties were unable to resolve this issue and requested that the matter be determined by the court (Doc. 24). As a result, the court entered an Order Setting Pretrial Conference, Hearing, And Requiring Filings—Claim Determination on October 5, 1992 (Doc. 25). This order required certain filings from both parties, scheduled certain pretrial and trial dates, and provided specifically:

> **IT IS FURTHER ORDERED** that counsel for the debtors, and the Chapter 13 Trustee if he wishes, shall file any response **not later than November 16, 1992,** which response shall contain: (1) copies of all documents that will be presented in response to the claimant's position, (2) to the extent that the claimant has set forth any listing of payments that the claimant asserts were not made by the debtors, a listing by the debtors or the trustee of the specific payments which the debtors claim were made and a separate listing of those payments the debtors or the trustee acknowledge were not made, (3) the mathematical computations in support of the debtors' or the trustee's position, and (4) any memorandum or citation of authority in support of the debtors' or the trustee's position.
>
> **IT IS FURTHER ORDERED** that a pretrial telephone conference shall be held on **November 23, 1992 at 9:00 a.m.** o'clock (Eastern Standard Time) by telephone conference. Each attorney, which includes any party appearing *pro se,* shall maintain at the phone number filed with the court an open telephone line on the above date for a period of five (5) minutes prior to the above time and continuously thereafter until the pretrial conference commences.
>
> . . . .
>
> . . . .
>
> . . . .
>
> The court shall enforce this order by granting judgment, dismissing claims and imposing sanctions as provided by law (LBR 1.4).
>
> **Failure to comply with the terms of this order may result in the court granting judgment, dismissing claims, barring the presentation of evidence or argument or imposing sanctions as provided by law (LBR 1.4).**

(Doc. 25) (emphasis in original).

The filings from the IRS were due on October 26, 1992; however, the IRS on that date filed a Motion For Extension Of Time (Doc. 26) in which to complete their filings. On October 28, 1992, the United States of America's Statement Of Liability (Doc. 27) was filed. The court granted the extension of time to the IRS and specifically provided that "all other provisions of the court's Order Setting Pretrial Conference, Hearing, And Requiring Filings—Claim Determination (Doc. 25) remain in full force and effect." (Doc. 28).

█ The court's review of the required filings prior to the pretrial conference failed to disclose that counsel for the debtors had completed the filings which were due on November 16, 1992. Accordingly, when the pretrial telephone conference commenced on November 23, 1992 at 9:00 a.m., the court asked counsel for the debtors if the required responses had been filed but had, perhaps, not reached the court's file. The response from counsel for the debtors was that neither the debtors, nor their accountant, nor their counsel "had the time" to complete the filing. Counsel for the debtors gave no reason why a motion seeking additional time had not been filed. The court notes that the order (Doc. 25) was entered and mailed to debtors' counsel and also separately mailed to the debtors on October 5, 1992.

The court specifically finds that the debtors and counsel for the debtors failed to comply with the requirements of the court's order (Doc. 25) requiring certain filings not later than November 16, 1992.

The court further finds that counsel for the debtors failed, within that same time period, to file a motion seeking additional time in which to complete the filings. Further, the court finds that counsel for the debtors and the debtors had the ability to complete the required filings, or, at a minimum, to file a motion requesting time in which to complete the filings. The court notes that, at the time of the pretrial conference, counsel for the defendant offered no principled reason for the willful failure to comply with the court's order or for the failure to seek additional time in which to comply.

If the issues involved in this proceeding were unfamiliar to, or unanticipated by, the debtors or debtors' counsel, perhaps the court could have overlooked the debtors' willful failure to comply with the court's order; however, it is clear that from the inception of this Chapter 13 case the only creditor was the IRS. The only issue in the debtors' entire Chapter 13 case was the appropriate determination and payment of the claim of the IRS. The debtors, through counsel, had previously filed an objection to the IRS's proof of claim, had filed a motion seeking a determination that this Chapter 13 plan had been completed and the IRS paid, and had also participated in a conference with the Chapter 13 Trustee for the specific purpose of resolving the amount of the IRS claim in this case. Under such circumstances, it is impossible to conclude that the debtors were unaware that evidence concerning the determination of the IRS's proof of claim would be the single, central issue remaining for resolution in this proceeding and upon which the debtors would be required to present evidence.

■ Default judgments entered in connection with failures to comply with pretrial orders are a drastic remedy which should be utilized only in extreme situations; nevertheless, in the absence of any response or any motion requesting additional time in which to respond, such a result is appropriate. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976).

In determining the appropriate remedy in this proceeding, this court finds that the failure to comply with the court's order was not based on any inability to comply but, rather, was based on a willful decision by debtors' counsel and the debtors not to submit any documentation in support of the debtors' position and not to request additional time in which to submit evidence in support of the debtors' position. The court also notes that its order (Doc. 25) clearly provided that failure to comply with the terms of the order could result in the court granting a judgment, dismissing a claim, barring the presentation of evidence, or imposing other sanctions. The court considered all of these alternatives; however, in the totality of the circumstances of this case, denying the debtors' objection and allowing the proof of claim filed by the IRS is the most appropriate result.

In reaching this determination, the court considered the lengthy history of this case, the repeated opportunities for the debtors to present some evidence in support of their position, the prior court determination (Doc. 21) adverse to the debtors' position that the plan had been properly completed, and the court's review of the IRS's proof of claim, literal transcripts and mathematical computations (Doc. 27).

■ Furthermore, this issue is also appropriately determined pursuant to the summary judgment rule. The order (Doc. 25) clearly required the debtors to come forward with all their evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

■ In a Chapter 13 case, the IRS must actually file a proof of claim in order to receive payment. *Border v. Internal Revenue Service (In re Border)*, 116 B.R. 588, 592 (Bankr.S.D.Ohio 1990). A proof of claim that has been filed will be deemed allowed unless an objection is filed. 11 U.S.C. § 502. Although the IRS bears the ultimate burden of proof in connection with its proof of claim, the IRS met that required burden by its filings (Doc. 27); however, the debtors and debtors' counsel failed to present any evidence in support of the debtors' position.

Accordingly, based on the totality of the circumstances in this case, including the consideration of applicable standards developed by the United States Supreme Court and the Sixth Circuit Court of Appeals governing the entry of default judgments for failure to comply with court orders, *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1079 (6th Cir.1990), and the entry of summary judgment, *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989), the court concludes that the appropriate determination in this proceeding is to DENY the debtors' Objection To The Proof Of Claim Of The Internal Revenue Service (Doc. 19) and ALLOW the proof of claim of the IRS as calculated in the United States of America's Statement of Liability (Doc. 27).

An order in accordance with this decision is simultaneously entered.