**In the Matter of Cleopha PAIR, Shawn Pair, Debtors.**

**Cleopha Pair, Plaintiffs,**

**v.**

**United States of America–U.S., Department of Education, Defendants.**

**Bankruptcy No. 01–82156–JAC–13.**
**Adversary No. 01–80105–JAC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Nov. 14, 2001.

G. John Dezenberg, Huntsville, AL, for plaintiff.

W. McCollum Halcomb, Birmingham, AL, for defendant

Phillip Geddes, trustee.

### *ORDER DISMISSING ADVERSARY PROCEEDING*

JACK CADDELL, Bankruptcy Judge.

On May 10, 2001, the debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. Three months later on August 2, 2001, the debtor, Cleopha Pair, filed this adversary proceeding to partially discharge $8,000.00 of a $15,281.61 student loan obligation as being an undue hardship under 11 U.S.C. § 523(a)(8). The defendant, Educational Credit Management Corporation ("ECMC"), filed a motion to dismiss the complaint on the ground that the issue is not ripe for adjudication at this time. ECMC contends that a complaint under § 523(a)(8) should be filed at the end of a Chapter 13 case because a Chapter 13 debtor is not entitled to receive a discharge under 11 U.S.C. § 1328(a) until plan payments are completed. At the hearing on ECMC's motion to dismiss, the debtor asked the Court for an opportunity to brief the issue and to then take the matter under advisement.

■ To establish undue hardship, this Court has followed the three-part test set forth in *Brunner v. New York State Higher Educ.*, 831 F.2d 395, 396 (2nd Cir.1987) under which a debtor must show:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

In *Raisor v. Education Loan Servicing Center (In re Raisor)*, 180 B.R. 163 (Bankr.E.D.Tex.1995), the bankruptcy court determined that it is impossible to address the *Brunner* factors in a Chapter 13 case until near or at the time the plan is scheduled for completion. The court recognized that it is impossible to determine whether a Chapter 13 debtor will be able to maintain a minimal standard of living after receiving a discharge because the debtor's income could increase during the three to five year life of a Chapter 13 plan.[1] Further, at the end of a plan a debtor's circumstances will have changed. The debtor will receive a discharge of most debts which may increase the debtor's ability to pay at least a portion of the student loan. Finally, the court found that filing an undue hardship complaint at the beginning of a case demonstrates a lack of good faith under *Brunner*. As the court explained:

---

1. In the case before the Court, the debtors proposed a five year plan.

A good faith effort under Chapter 13 requires, at a minimum, an effort by the Debtors to first repay at least some of the Plus loan under the Plan and then perform an examination of their financial condition near the completion of the Plan to determine whether they can either repay some or all of the outstanding balances of the Plus loans.

The court also rejected the debtor's argument that it could bring the complaint at the beginning of the case pursuant to Bankruptcy Rule 4007(b) which provides that a § 523(a)(8) proceeding "may be filed at any time." The fact that a complaint under § 523(a)(8) can be filed at anytime under Rule 4007(b) does not mean that such a complaint is actually ripe for adjudication. For example, a § 523(a)(8) complaint can be filed at any time in a Chapter 7 case because a Chapter 7 debtor receives a discharge much sooner than a Chapter 13 debtor. The *Brunner* factors can easily be determined in light of the Chapter 7 debtor's current circumstances. Although a § 523(a)(8) complaint is ripe for adjudication and can be brought at any time in a Chapter 7 case pursuant to Rule 4007(b), the issue is not ripe for adjudication until the end of a Chapter 13 case when the debtor's financial circumstances are clearer.

The debtor cited the case of *In re Goranson*, 183 B.R. 52 (Bankr.W.D.N.Y.1995),[2] as overruling *Raisor* and indicated that the case was from the same court as *Raisor*. It appears that counsel for the debtor inadvertently cited the *Goranson* case as an Eastern District of Texas case when in fact it was written by the Honorable Michael J. Kaplan, Chief Judge of the Western District of New York. Thus, *Goranson* does not overrule *Raisor*. In *Goranson*,

the bankruptcy court simply noted that it respectfully disagreed with the decision in *Raisor* and found that such a proceeding is properly filed and litigated at anytime. The court followed the *Brunner* test by analyzing the case as if it were really a Chapter 7 case.

The Court finds the analysis in *Raisor* to be more persuasive and adopts same in full. The debtor's complaint is not ripe for adjudication and is due to be dismissed without prejudice to file same no earlier than six months before the debtor's discharge is due to be entered if the facts of the case warrant a complaint under § 523(a)(8) at that time.

---

**2.** The debtor gave the citation for the case as 183 B.R. 52 (Bankr.E.D.Tex.1995)(emphasis added).