**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0418n.06
Filed: May 18, 2005

**No. 04-3516**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| J-II ENTERPRISES, LLC; KENNETH RICHARDSON; BARBARA RICHARDSON,  )<br><br>Plaintiffs-Appellants,  )<br><br>v.  )<br><br>BOARD OF COMMISSIONERS OF WARREN COUNTY, OHIO,  )<br><br>Defendant-Appellee.  ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

Before: MARTIN, COOK, and LAY,[*] Circuit Judges.

COOK, Circuit Judge. Plaintiffs-Appellants, J-II Enterprises, LLC and Kenneth and Barbara Richardson, appeal the district court's order dismissing their due process and equal protection claims for lack of subject matter jurisdiction and declining to exercise supplemental jurisdiction over their state law claims. We affirm, generally agreeing with the district court's analysis.

I

Kenneth and Barbara Richardson own land in Warren County, Ohio, near its border with Butler County, Ohio. A developer took an option to buy the Richardsons' property and proceeded

---

[*]The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

to seek Planning Commission approval for subdivision development of the land by submitting a preliminary plat. Though the Warren County Regional Planning Commission approved the plat subject to the Warren County Board of Commissioners ("the Board") releasing the property to Butler County for sanitary sewer services, the Board refused the necessary release, citing concerns about excessive growth. That initial optionee-developer then transferred its option to another developer, J-II Enterprises.

According to the Richardsons, the Board had previously released nearby properties to Butler County. So J-II Enterprises and the Richardsons sued the Board under 42 U.S.C. § 1983, alleging deprivation of procedural and substantive due process and equal protection, and violations of state law. The district court dismissed Plaintiffs' federal claims under Federal Rule of Civil Procedure 12(b)(1) as unripe, because Plaintiffs had not pursued available state remedies, and declined to exercise supplemental jurisdiction over the state law claims following dismissal of the federal claims.

II

A. Implicit Just Compensation Claim

Although Plaintiffs' complaint does not cite the Fifth Amendment as a basis for relief, it alleges: "The Board has destroyed Plaintiffs' value of the Richardson Property to such an extent that the Board's action constitutes a taking of Plaintiffs' property. Plaintiffs are entitled to compensation in the amount of the diminution in the value of the Richardson Property as a result of the Board's

actions." Thus, while Plaintiffs' complaint frames the Board's actions as violations of due process and equal protection, the injury of which Plaintiffs complain and the relief they seek concern rights guaranteed by the Takings Clause and the Just Compensation Clause of the Fifth Amendment.

## B. Ripeness Requirement for Just Compensation Claim

Federal courts may not consider questions that do not present cases or controversies. *Dixie Fuel Co. v. Comm'r of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir. 1999). Thus, a case not yet ripe for adjudication must be dismissed for lack of jurisdiction. *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

"[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985). Unless plaintiffs have pursued state remedies, their case is not ripe because "the State's action . . . is not 'complete' until the State fails to provide adequate compensation for the taking." *Id.* Ohio provides an adequate remedy for an unconstitutional taking—a mandamus action in state court. *Silver v. Franklin Township*, 966 F.2d 1031, 1035 (6th Cir. 1992); *State ex rel. Elsass v. Shelby County Bd. of Comm'rs*, 751 N.E.2d 1032, 1037 (Ohio 2001). Plaintiffs' failure to pursue mandamus renders their just compensation claim unripe.

## C. Procedural Due Process

A procedural due process claim is subject to the same ripeness requirement as a just compensation claim, unless the plaintiff alleges harm flowing directly from a denial of due process. In *Nasierowski Bros. Investment Co. v. City of Sterling Heights*, this court held that "a procedural due process claim is instantly cognizable in federal court without requiring a final decision on a proposed development from the responsible municipal agency." 949 F.2d 890, 894 (6th Cir. 1991). But this court later limited *Nasierowski*'s holding: "*Nasierowski* appears to stand merely for the sensible proposition that while different circumstances may produce different results, the final decision rule does not apply when the denial of procedural due process itself creates an injury." *Bigelow*, 970 F.2d at 160; *see also Nasierowski Bros. Inv. Co.*, 949 F.2d at 899 (Martin, J., concurring) ("[W]e retain the finality requirements for procedural due process claims where we cannot find a single, concrete separate injury or where the procedural due process claim is in reality an adjunct to a taking or other constitutional claim.").

Here, Plaintiffs claim to have suffered injuries due to the Board's refusal to release the Richardsons' property to Butler County—injury from a taking without just compensation. The Richardsons owned the property before the Board refused to release it, and J-II Enterprises obtained an option to purchase the Richardsons' property knowing that the Board had refused to release it. So no Plaintiff suffered harm from the Board's allegedly irregular procedures beyond the harm that resulted from the refusal to release the Richardsons' property. As Plaintiffs' due process claim is ancillary to their just compensation claim, it too is unripe for review.

D.  Equal Protection

Plaintiffs allege that the Board denied them their equal protection rights by refusing to release the Richardsons' property to Butler County when it had released similarly-situated property. Because the harm of which Plaintiffs complain is the Board's refusal to release the Richardsons' property to Butler County, the equal protection claim is ancillary to the just compensation claim. An ancillary equal protection claim is not ripe for review unless the just compensation claim is ripe. *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). Thus, Plaintiffs' equal protection claim is not ripe, and the district court properly dismissed it.

### E. Substantive Due Process

A substantive due process claim can be ripe despite the unripeness of a just compensation claim. *Tri-Corp. Mgmt. Co. v. Praznik*, 33 Fed. Appx. 742, 748 (6th Cir. 2002). Nonetheless, Plaintiffs' substantive due process claim should still be dismissed because Plaintiffs lack a property interest in the Board's releasing the Richardsons' land to Butler County.

To establish a substantive due process claim in the context of land-use regulations, plaintiffs must prove they possess a constitutionally protected property or liberty interest. *Silver*, 966 F.2d at 1036. Because the Board did not physically take the Richardsons' land, Plaintiffs' relevant property interest is obtaining the sewer release as part of its subdivision plan. *Id.* But land owners have no constitutionally protected property interest in developing their land unless zoning authorities lack discretion to deny the land owners permission to develop the land. *Id.*

Plaintiffs contend that the Warren County Subdivision Regulations deprived the Board of discretion to refuse to release the Richardsons' property to Butler County. Paragraph 16 of Plaintiffs' complaint quotes section 420(A) of those regulations, which provides, in pertinent part: "Where an adequate public sanitary sewer system is reasonably accessible in the determination of the Warren County Sanitary Engineer, public sanitary sewers shall be installed to adequately serve all lots . . . ." Plaintiffs argue that because Butler County's sewer system was reasonably accessible, the Board lacked discretion to deny the release of the Richardsons' property to Butler County.

But nothing in section 420(A) requires the Board to release property to another county. Nor does the regulation give the Warren County Sanitary Engineer the authority to mandate such a release. Ohio law gives county boards of commissioners the power to enter into contracts with other sewer districts. Ohio Rev. Code Ann. § 307.15(A)(1) (Anderson 2003). The Warren County Regional Planning Commission recognized that authority when it approved a plat subject to the Board's releasing the property to Butler County. Plaintiffs, therefore, have no property interest in the Board's releasing the Richardsons' land, and thus, no substantive due process claim. That claim, however, should have been dismissed for failure to state a claim under Rule 12(b)(6), rather than for lack of jurisdiction under Rule 12(b)(1).

## F. State Law Claims

After dismissing all of Plaintiffs' federal claims, the district court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismissed those claims

under Rule 12(b)(6).  The district court did not abuse its discretion by dismissing the state law claims.  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ."  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).  Dismissal under Rule 12(b)(1) for lack of jurisdiction more appropriately supports the district court's action.  *Bigelow*, 970 F.2d at 160 (holding that where federal claims should be dismissed as unripe, the supplemental state law claims "should also be dismissed for lack of jurisdiction.").

## III

We affirm the district court's order dismissing Plaintiffs' claims, clarifying the more appropriate rules for dismissal: 12(b)(6) for Plaintiffs' substantive due process claim, and 12(b)(1) for their state law claims.