**In re Timothy Gaylord BATTRELL, Candice Claar Battrell, Debtors.**

**Bankruptcy No. 389–31277–H13.**

United States Bankruptcy Court, D. Oregon.

Sept. 28, 1989.

Kent V. Snyder, Portland, Or., for debtor.

Riley J. Atkins, Asst. U.S. Atty., Portland, Or., for creditor.

Robert W. Myers, Portland, Or., Trustee.

OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon objections to confirmation of the debtors' chapter 13 Plan of Reorganization. The United States Department of Health and Human Service (HHS) was represented by Riley J. Atkins, Assistant United States Attorney, Portland, Oregon. The debtors

were represented by Kent V. Snyder of Portland, Oregon.

The facts are not in dispute. Between October 5, 1978 and September 20, 1979 Dr. Timothy Battrell, one of the debtors, received $20,000 in Health Education Assistance Loans (HEAL) pursuant to 42 U.S.C. § 294. Repayment was to commence on June 1, 1981. The debtor filed his petition on March 27, 1989.

The proposed plan dated March 23, 1989 calls for payments to the trustee over 36 months, resulting in a dividend of approximately 28% to nonpriority unsecured creditors. HHS finds the following plan provision objectionable:

Upon completion of the payments in this plan, the debt owed to the United States for a Health Education Assistance Loan shall be fully discharged.

■ The first issue to be decided is whether, upon completion of all plan payments, the discharge of the HEAL loans is governed by 11 U.S.C. § 1328(a) or 42 U.S.C. § 294f(g). The debtor contends that if all payments are made under the plan, then the dischargeability of the HEAL loan will be determined by 11 U.S.C. § 1328(a). That subsection provides that after completion of payments under the plan, the court "shall grant the debtor a discharge of *all* debts provided for by the plan," with certain exceptions not relevant here (emphasis added).

HHS contends that discharge of HEAL loans is controlled by 42 U.S.C. § 294f(g). That subsection provides:

A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under *any chapter* of Title 11 only if such discharge is granted—

(1) after the expiration of the 5-year period beginning on the first date ... when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

42 U.S.C.A. § 294f(g) (West Supp.1989) (emphasis added).

The debtor cites *In Re Lee,* 71 B.R. 833 (Bankr.Ga.1987) for the proposition that the legislative history of the two sections shows an intent that 1328(a) control. The bankruptcy court's analysis in *Lee* was rejected on appeal to the district court, *In Re Lee,* 89 B.R. 250 (N.D.Ga.1987), and I agree with the district court's reasoning in that case. In reversing the Bankruptcy Court, the district court quoted the following passage from *Matter of Johnson,* 787 F.2d 1179, 1181–82 (7th Cir.1986):

Where two statutes deal with the same subject matter, they are to be read in *pari materia* and harmonized when possible. *Jones v. St. Louis–San Francisco Ry. Co.,* 728 F.2d 257, 262 (6th Cir.1984); *Matter of Robison,* 665 F.2d 166, 171 (7th Cir.1981). We are guided by certain tenets of statutory construction. First, a specific statute takes precedence over a more general statute. *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980); *United States v. Olinger,* 759 F.2d 1293, 1299 (7th Cir.), *cert. denied,* [474] U.S. [839], 106 S.Ct. 120, 88 L.Ed.2d 98 (1985). Second, a later statute may limit the scope of an earlier statute. *Davis v. United States,* 716 F.2d 418, 428 (7th Cir.1983). Section 294f(g) is both the more specific and the later of the two statutes. Section 294f(g) is much more limited in scope than section 1328(a). Section 1328(a) deals generally with the discharge of all debts under Chapter 13 whereas section 294f(g) deals only with the discharge of HEAL loans. Section 1328(a) was enacted in 1978. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2650 (1978). Section 294f(g), as originally enacted in 1976, was repealed in 1978 as unnecessary because the provisions for the discharge of student loans were set forth in the Bankruptcy Code. *See 1 Collier on Bankruptcy* ¶ 5.27, at 5–124 (15th ed. 1985). Congress, however, reenacted section 294f(g) in 1981 and made

the discharge of HEAL loans even more difficult than the original enactment by adding subsections (2) and (3). Omnibus Budget and Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 357 (1981). In reenacting section 294f(g), Congress was presumably aware of section 1328(a)'s more general discharge provision and other previously enacted provisions of the Bankruptcy Code dealing with the discharge of educational loans. *See Erlenbaugh v. United States,* 409 U.S. 239, 243–44, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). To give meaning to both section 294f(g) and section 1328(a), section 294f(g) must be the limited exception to section 1328(a)'s general rule that educational loans are dischargeable. Accordingly, when any debtor is seeking to discharge an HEAL loan, he or she must meet the three requirements specified in section 294f(g).

The debtor suggests that if Congress intended to limit the scope of § 1328(a), it would have made that intention clear when enacting amendments to the Bankruptcy Code in 1984 and 1986. However, Congress has made its intention clear through a 1988 amendment of 42 U.S.C. § 294f(g). That amendment clarified that the discharge limitations of § 294f(g) applied to *"any chapter of"* Title 11. Health Professions Reauthorization Act of 1988, Pub.L. No. 100–607, § 602(j), 102 Stat. 3122, 3123 (1988).

■ Having determined that subsection 294f(g) controls the discharge of HEAL loans, the court must deny confirmation of the plan. Paragraph 8 of the plan provides that the HEAL loan will be discharged upon completion of plan payments. Under 42 U.S.C. § 294f(g), before the HEAL loan may be discharged the court must find that nondischarge would be unconscionable. The court cannot find that nondischarge of the obligation would be unconscionable when the circumstances existing at the time of the discharge are not known. *In Re Lee,* 89 B.R. at 257. *See also In Re Cleveland,* 89 B.R. 69 (9th Cir. BAP 1988). Since the plan payments will not be completed for at least three years, a determination of unconscionability at this time is premature. Upon completion of the plan payments or the filing of a motion for a discharge under § 1328(b), a proceeding may be brought under Bankr.R. 7001(6) to determine the dischargeability of the HEAL loan.

For the reasons stated above, confirmation of the debtors' Plan of Reorganization dated March 23, 1989 is denied. An appropriate order will be entered.