Darrell J. STAHL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 89–4040–S.

United States District Court, D. Kansas.

Feb. 2, 1990.

William F. Stahl, Junction City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., David M. Cooper, Asst. U.S. Atty., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss. On January 5, 1990, the court issued a show cause order to plaintiff ordering plaintiff to show cause why this motion should not be granted. On January 16, 1990, plaintiff filed a response to the court's order and to defendant's motion. The court is now prepared to rule on this motion.

The following facts have been established for the limited purpose of this motion. On May 1, 1986, plaintiff (a minor at the time) collided with a vehicle driven by Sergeant Frank Saulo. The vehicle was owned by the United States Department of the Army. The collision occurred near the intersection of Kansas Highway K–57 and Seventh Street in Dwight, Kansas. On March 26, 1987, plaintiff's mother filed an administrative claim (Form 95) with the Department of the Army on behalf of plaintiff. The claim has not been admitted or denied by the Department of the Army.

On February 17, 1989, plaintiff filed the present action and served summons on the United States Attorney for the District of Kansas on April 5, 1989. On April 11, 1989, the United States Attorney notified plaintiff that he had not complied with Federal Rule of Civil Procedure 4(d)(4), because plaintiff had failed to send a copy of the summons and the complaint by registered or certified mail to the Attorney General of the United States.

Defendant now seeks dismissal of this action on two theories. First, defendant argues that the court lacks subject matter jurisdiction regarding this action because plaintiff failed to file the action within the applicable statute of limitations. Secondly, defendant argues that the action should be dismissed for insufficient service of process on defendant.

### A. STATUTE OF LIMITATIONS

■ Section 2401(b) of Title 28 United States Code states:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

There is no dispute that plaintiff made a timely claim with the appropriate federal agency within the two year time required in this statute. The issue before this court is whether plaintiff's action is barred because plaintiff failed to file a claim within six months after the date of a final denial of his claim by the agency. Defendant

argues that the agency did, in effect, make a final denial of the claim when it failed to issue a final decision within six months after the claim was made. Section 2675(a) of Title 28 United States Code states in part:

> "The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant* any time thereafter, be deemed a final denial of the claim for purposes of this section." (Emphasis added.)

This section is an exhaustion of remedies requirement to federal court jurisdiction for federal tort claims.

The court finds that the government agency's failure to issue a decision within six months after a claim is filed cannot serve as notice of a final denial as contemplated in Section 2401(b). Section 2401(b) specifically states that the six month statute of limitations begins to run only when the government agency sends notice of final denial by certified or registered mail. No such notice was ever sent in this case. Therefore, the six month limitation period was never activated.

Section 2675(a) simply states that at any time after a claim has been before the government agency for six months and no action has been taken by that agency, the claimant may treat the claim as denied for the purposes of exhaustion of administrative remedies. Section 2675 does not state that any claim that has not been acted upon by the agency within six months is deemed denied. The court finds that plaintiff has complied with the requirements of § 2401 in filing a timely claim with the administrative agency, and has opted to treat the claim as denied. Since the government agency has failed to take action on the claim. Therefore, the court finds that plaintiff's suit is not barred by the statute of limitations. Thus, the court will deny defendant's motion to dismiss on the grounds of statute of limitations.

### B. INSUFFICIENT SERVICE OF PROCESS

■ Defendant moves for dismissal for insufficiency of process based on Rule 4(d)(4) of the Federal Rules of Civil Procedure. To obtain service of process against the United States, plaintiff is required to deliver a copy of the summons and complaint to the United States Attorney in the district where the suit is filed *and* mail copies of the summons and complaint to the Attorney General of the United States by registered or certified mail. Rule 4(d)(4); *see Sanchez Mariani v. Ellingwood*, 691 F.2d 592, 595 (1st Cir.1982). The requirements of this rule are mandatory and cannot be dispensed with as a simple formality. *Cf. Smith v. McNamara*, 395 F.2d 896, 898 (10th Cir.1968).

It is not disputed that plaintiff did obtain service of the summons and complaint on the United States Attorney for the District of Kansas. Plaintiff, however, has failed to mail copies of the summons and complaint to the Attorney General. Therefore, defendant is correct in stating that plaintiff has failed to comply with Rule 4(d)(4). Having found that the plaintiff failed to obtain adequate service of process against the United States, the court will grant plaintiff 20 days from the date of this order to obtain service on the United States as required in Rule 4(d)(4). *See Franco–Rivera v. Chairman of the Board of Directors of the Federal Deposit Insurance Corp.*, 690 F.Supp. 118, 122 (D. Puerto Rico 1988) (After finding plaintiff failed to comply with Rule 4(d)(4), the district court allowed plaintiff 30 days to obtain proper service).

IT IS THEREFORE BY THE COURT ORDERED that defendant's motion to dismiss on the grounds of lack of subject matter jurisdiction is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss for insufficiency of service of process is denied on the condition that plaintiff obtain proper service within 20 days of the date of this order.