In re John W. AULD, Jr., Debtor.

Bankruptcy No. 94–22031–13.

United States Bankruptcy Court,
D. Kansas.

Aug. 28, 1995.

Lisa L. Patrick of Merrick, Baker, Hufft & Strauss, P.C., Kansas City, Missouri, for Debtor.

Ann T. Drummond, pro se.

William H. Griffin, Chapter 13 Trustee.

## ORDER OVERRULING OBJECTION TO CONFIRMATION [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Debtor petitioned for relief under Chapter 13 on November 3, 1994, listing Ann T. Drummond, his former wife, as a general unsecured creditor. Drummond filed a proof of claim indicating that she held an unsecured nonpriority claim for $2,500 based on a divorce decree entered December 17, 1993.

Debtor's original Chapter 13 plan, filed November 15, 1994, proposed to pay unsecured creditors 10 percent of their allowed claims. A First Amended Chapter 13 plan, filed January 26, 1995, proposed to pay unsecured creditors 30 percent of their allowed claims.

■ On December 30, 1994, Drummond, appearing pro se, filed a letter with the Clerk stating:

As it is stated in the Divorce Decree dated Dec. 17, 1993 … John W. Auld, Jr. would pay … Ann T. Auld (Drummond), the amount of $2,500.00 as payment ordered by Judge Larry Shephard. I have not received anything and understand that due to recent laws being passed in October of 94, a marital debt that is ordered by the Court may not be included in a Bankruptcy.

The Court accepts this letter as a formal objection to confirmation of the plan and as an objection to discharge of Drummond's claim. Although Drummond has not formally refiled her objection with the filing of the First Amended Plan, the Court treats her objection to the first plan as also lodged against the second plan.

Following a hearing on April 7, 1995, the Court took Drummond's objection under advisement, and on June 27, 1995, confirmed debtor's amended plan, in effect overruling Drummond's objection to the extent it opposes plan confirmation.

■ To the extent Drummond's objection opposes discharge of her claim, however, the Court notes that no discharge will be granted under § 1328(a) until the debtor completes payments under the plan, or having failed to complete plan payments, the debtor applies for a hardship discharge under § 1328(b).

Drummond concedes that her claim is not for alimony or maintenance. Rather, she enlists 11 U.S.C. § 523(a)(15), a new exception to discharge added to the Code by the Bankruptcy Reform Act of 1994.[2] This new subsection applies to debts "not of the kind described in paragraph (5)" of § 523(a), i.e., debts that are not for alimony, maintenance, or support.

Section 1328(a) of the Code provides the broad discharge for which Chapter 13 is renowned in legal circles. The only § 523(a) claims that are nondischargeable under § 1328(a) are those that fall within subsections (5), (8), or (9) of § 523(a). Since Drummond has conceded that her claim is not within this group, it will be discharged if the debtor completes the plan payments, unless some other exception to discharge applies.

Section 1328(b) permits a "hardship discharge" when the debtor fails to complete plan payments under circumstances "for which the debtor should not justly be held accountable." But the § 523(a)(15) exception to discharge, upon which Drummond relies, qualifies the hardship discharge available under § 1328(b). According to the new exception, a discharge under § 1328(b) does not discharge a debt incurred by the debtor in a

---

1. Debtor appears by his attorney, Lisa L. Patrick of the firm of Merrick, Baker, Hufft & Strauss, P.C., Kansas City, Missouri. Ann T. Drummond appears pro se. The Chapter 13 Trustee, William H. Griffin, appears in person.

2. The amendment is effective in cases like this one filed on or after October 22, 1994.

divorce or separation agreement unless the debtor makes certain factual showings. These factual showings are: (1) that the debtor does not have the ability to pay the debt, or (2) that discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse or child of the debtor.

Whether the debtor will seek such a discharge remains to be seen. If debtor does not complete his plan payments and moves the Court for a hardship discharge, Drummond may reassert her objection to discharge under § 523(a)(15). If she does so, and the debtor cannot make the factual showings required by § 523(a)(15), Drummond will prevail. However, at this point in the proceeding the objection is premature.

The Court finds this proceeding to be core under 28 U.S.C. § 157 and to be within its jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan. Rule 705).

IT IS SO ORDERED.