**In re Steven Charles CRAINE and Donna Maria Craine a/k/a Madonna Maria Craine a/k/a Donna Maria Buckley, Debtors.**

**Steven Charles CRAINE and Donna Maria Craine, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 95–5077–8G3.
Adv. No. 96–304.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 17, 1997.

Michael Barnett, Tampa FL, for Plaintiffs.

David N. Geier, U.S. Dept of Justice, Washington, DC, IRS/JAX, Jacksonville, FL, U.S. Attorney General, Janet Reno, Washington, DC, U.S. Attorney, Tampa, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion to Dismiss filed by the Defendant, the United States of America (the United States). In its Motion, the United States seeks the entry of an order dismissing this adversary proceeding on the basis that the issue raised in the proceeding is not ripe for consideration.

The Debtors, Steven Charles Craine and Donna Maria Craine, commenced the adversary proceeding by filing a Complaint to Determine Dischargeability of Debt. In the Complaint, the Debtors allege that they may owe a debt to the United States based on their personal liability for unpaid withholding taxes owed by a corporation known as Ra–Kel, Inc. The Debtors allege that their Chapter 13 Plan "provided for" payment of this debt, and that the Plan was confirmed on February 1, 1996. The Debtors further allege that Section 1328(a) of the Bankruptcy Code provides that a Chapter 13 debtor will receive a discharge of all debts provided for by the Plan as soon as practicable after completion of payments under the Plan, with only three enumerated exceptions, and that the debt owed to the United States does not fall within any of the three exceptions. Consequently, the Debtors request the entry of an order "determining that a discharge in this case under 11 U.S.C. 1328(a) will discharge any obligations owed" by the Debtors to the United States.

In its Motion to Dismiss, the United States asserts that the issue of dischargeability is not ripe in a Chapter 13 case until the payments under the Plan are completed, or the debtor has applied for a hardship discharge pursuant to Section 1328(b). At the hearing on the Motion, the United States contended that many Chapter 13 cases are never completed, so that issues concerning a debtor's discharge often never arise. Accordingly, the United States asserts that the issue is not ripe, and that a determination of dischargeability at this point in the case may be an unnecessary use of judicial and governmental resources.

### Background

The Debtors filed their petition under Chapter 13 of the Bankruptcy Code on May 24, 1995. The Debtors listed the Internal Revenue Service as a creditor holding unsecured priority claims in a total amount exceeding $12,000, and the Internal Revenue Service was placed on the Court's mailing matrix.

The Debtors also filed a Chapter 13 Plan on May 24, 1995. In the Plan originally filed, the Debtors proposed to pay to the Chapter 13 Trustee the sum of $615 per month for 60 months, for a total payment into the Plan of $36,900. Of this total payment, the Debtors proposed a distribution to the Internal Revenue Service in the amount of $11,768.08.

The bar date for filing proofs of claim in the case was September 18, 1995. The Internal Revenue Service did not file a proof of claim.

On January 9, 1996, the Debtors filed an amended Chapter 13 Plan which provided for payments to the Chapter 13 Trustee in the amount of $279 per month for a period of 52 months. The amended Plan did not allocate any distribution to the Internal Revenue Service. Further, the Plan stated that the Debtors would pay any allowed priority claims, but that if no such claims were timely filed, the debts would be discharged under Section 1328 of the Bankruptcy Code.

On February 1, 1996, the Court entered an Order confirming the Debtors' Chapter 13 Plan as amended. The Order states:

> The Chapter 13 Plan provided for liability on a claim to the United States Internal Revenue Service, scheduled as an employment tax liability related to a corporation by the name of Ra–Kel, Inc. Since no

timely claim was filed and allowed, the Trustee shall not make any payment to this creditor absent a subsequent allowed claim or order of this Court.

The Order Allowing and Disallowing Claims and Ordering Disbursements entered on February 9, 1996, does not provide for the allowance of any claim of the Internal Revenue Service.

### Discussion

The Debtors request the entry of an order determining that any debts owed to the United States for taxes arising from their ownership of Ra–Kel, Inc. will be included in the discharge received after they complete their payments under the plan and obtain a discharge under Section 1328(a). Section 1328(a) of the Bankruptcy Code provides:

**§ 1328. Discharge**

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) or 523(a)(9) of this title; or

(3) for restitution, or criminal fine, included in a sentence on the debtor's conviction of a crime.

The Debtors contend that the prepetition taxes are dischargeable under Section 1328(a) and that they are entitled to the entry of an order determining the dischargeability of the taxes.

The United States asserts that dischargeability issues are not ripe for consideration in Chapter 13 cases until all payments under the plan have been made and the debtor is eligible to receive a discharge under Section 1328(a), or until the debtor files a motion to obtain a hardship discharge. According to the United States, therefore, the Court should not determine whether a particular debt is dischargeable until it is established that a debtor is entitled to a general discharge of all dischargeable debts.

Rule 4007 of the Federal Rules of Bankruptcy Procedure relates to proceedings to determine the dischargeability of debts. Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time." Section 523(c) provides for the discharge of (1) debts arising from certain types of fraudulent conduct, (2) debts for willful and malicious injury, and (3) certain debts incurred in the course of a divorce or separation agreement, unless the creditor files a complaint and obtains an order excepting the debt from discharge. Because the tax liabilities in this case do not fall within the categories of debts listed in Section 523(c), a dischargeability complaint may be filed "at any time" pursuant to Rule 4007(b).

Additionally, the United States District Court in Louisiana addressed the precise arguments raised by the United States in this case, and concluded that the debtors' complaint in that case was ripe for adjudication. In *United States v. Clavelle*, 1994 WL 780695 (W.D.La.), chapter 13 debtors had sought an order that certain non-priority tax liabilities would be dischargeable upon completion of their chapter 13 plan, and the United States moved to dismiss the adversary proceeding as premature until the debtors completed their plan payments or moved for a hardship discharge. The District Court found that the only issue was "the ripeness of a dischargeability hearing prior to completion of payments under a Chapter 13 plan." In finding that the complaint was ripe, the District Court stated:

Rule 4007(b) provides that a complaint "other than under § 523(c) may be filed at any time". Rule 7001 permits a declaratory judgment to determine the dischargeability of a debt.

According to the District Court, the complaint was ripe, and the arguments of the United States regarding the use of judicial and governmental resources was improperly directed to the Court.

In *Border v. Internal Revenue Service*, 116 B.R. 588 (Bankr.S.D.Ohio 1990), the debtors also requested a determination that a certain

tax claim would be discharged upon completion of their plan payments, but cast their request as an action for declaratory judgment. In *Border,* as in the case under consideration, the tax claim against individual debtors was based on unpaid corporate withholding taxes, and the Internal Revenue Service had failed to file a proof of claim for the taxes. The Bankruptcy Court first determined whether an actual controversy existed, as required in actions for declaratory judgment. The Court found that an actual controversy existed, because the case had been confirmed and the chapter 13 trustee was ready to commence distribution pursuant to the confirmed plan. Based on the facts presented in *Border,* the Court determined that a resolution of the action would impact the amount of the funds available for distribution and the extent to which the claim may be discharged upon completion of the plan, and there was no effective alternative remedy, so that the controversy was sufficiently immediate to warrant the issuance of a decision.

The United States cited a series of cases to support its proposition that it is inappropriate to determine dischargeability issues in Chapter 13 cases before completion of payments under the plan. See, for example, *In re Hochman,* 853 F.2d 1547 (11th Cir.1988); *In re Cleveland,* 89 B.R. 69 (9th Cir. BAP 1988); *United States v. Lee,* 89 B.R. 250 (N.D.Ga.1987); *In re Battrell,* 105 B.R. 65 (Bankr.D.Or.1989); and *In re Williams,* 96 B.R. 149 (Bankr.N.D.Ill.1989). Each of these cases, however, involves the dischargeability of a Health Education Assistance Loan (HEAL), and a separate statute exists that relates only to the dischargeability of such HEAL loans. Specifically, 42 U.S.C. § 294f(g) essentially provides that a HEAL loan is discharged in bankruptcy only if (1) five years has expired since repayment of the loan was required; (2) nondischargeability of the debt would be unconscionable; and (3) setoff was not waived. As the court in *In re Cleveland* pointed out, the determination of whether nondischargeability would be unconscionable cannot be made until five years have expired since repayment of the loan was required. *In re Cleveland,* 89 B.R. at 73. Accordingly, the courts in the cases cited by the United States were interpreting specific statutory conditions on dischargeability that apply only to a particular type of debt. The decisions are not dispositive of the issues presented in this case, therefore, because they are based on a statute that does not apply to the type of liability under consideration.

In this case, the claim of the United States was scheduled by the Debtors in the approximate amount of $12,000. The United States did not file a proof of claim, and the Order of Confirmation provides that the Trustee will not make any distribution to the United States under the confirmed plan because no claim was filed and allowed. The payments required under the plan as confirmed are scheduled to be completed no earlier than July 1, 1999. Consequently, according to the United States' theory, the Debtors must wait more than three years to learn whether a $12,000 claim, which is not receiving distribution through the plan, will be discharged. The Debtors contend that early resolution of the issue will enable them to modify their plan to propose payment to the United States, and thereby prevent the accrual of additional interest and penalties.

Given these circumstances, the Court finds that the Complaint to Determine Dischargeability of Debt is permitted under Rule 4007(b) of the Federal Rules of Bankruptcy Procedure, and that the matters raised in the Complaint are ripe for adjudication.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss this adversary proceeding filed by the United States of America is denied without prejudice.

2. The United States of America shall have twenty (20) days from the date of this Order within which to file an answer or responsive pleading to the Complaint to Determine Dischargeability of Debt.