In re John Randolph MALIN, Janis Lynn Malin, Debtors.

John Randolph Malin, Janis Lynn Malin, Plaintiffs,

v.

Internal Revenue Service, Defendant.

Bankruptcy No. 05–16107.
Adversary No. 06–5042.

United States Bankruptcy Court,
D. Kansas.

July 18, 2006.

**536**

Dan W. Forker, Jr., Hutchinson, KS, for Debtors.

Thomas W. Curteman, Jr., U.S. Department of Justice Tax Division, Washington, DC, for Defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

ROBERT E. NUGENT, Chief Judge.

Defendant Internal Revenue Service (the "IRS") filed its Motion to Dismiss (Doc. 5) on February 16, 2006, seeking an order dismissing the above-captioned adversary proceeding filed by plaintiffs/debtors, John Randolph Malin and Janis Lynn Malin (the "Malins"), pursuant to Fed. R.Civ.P. 12(b)(1) and (6) and Bankruptcy Rule 7012. In their Complaint, Debtors request the Court determine that taxes owed for the year 2000 be discharged in their Chapter 13 bankruptcy pursuant to 11 U.S.C. § 507(a)(8)(A)(i).[1] The IRS contends this Court lacks subject matter jurisdiction over Debtors' claim because the Court has not yet confirmed Debtors' Chapter 13 plan. Alternatively, Debtors have failed to state a claim upon which relief may be granted.

### JURISDICTION

This adversary proceeding is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334(b).

### BACKGROUND

The Malins filed a Chapter 13 bankruptcy petition on September 20, 2005. The Debtors listed the IRS as a creditor holding unsecured priority claims in a total amount of $15,862.00 for 1999 taxes,[2] and the IRS was placed on the Court's mailing matrix.

Debtors filed a Chapter 13 Plan on October 6, 2005. In this Plan, Debtors proposed to pay to the Chapter 13 Trustee the sum of $571.21 per month for 60 months. This Plan drew feasibility objections from the Chapter 13 trustee and Debtors' biggest creditor, the Farm Service Agency (the "FSA"). (Docs. 16 and 32).

On January 12, 2006, the Debtors filed an amended Chapter 13 Plan which provided for payments to the Chapter 13 Trustee in the amount of $879.13 per month for a period of 60 months. The Amended Plan stated unsecured creditors "shall be paid

---

1. All further statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., unless otherwise noted.

2. While debtors' complaint seeks discharge of taxes for the year 2000, their Schedule E lists an IRS claim for 1999 taxes. The Court assumes the complaint lists taxes for the appropriate year.

on a prorata basis from the funds available during the first 60 months after payment of secured and priority claims." The Amended Plan did not allocate any specific distribution to the IRS.

FSA again objected to the Amended Plan. (Doc. 32). FSA's objections have not been ruled upon. To date, Debtors' Amended Plan has not been confirmed.

On January 12, 2006, Debtors filed a "Complaint to Determine Dischargeability of Debt," requesting the Court determine that their federal income tax liabilities for 2000 be discharged pursuant to 11 U.S.C. § 507(a)(8)(A)(i). In their Complaint, Debtors allege they are liable for taxes to the IRS from income received for the year 2000 in the estimated sum of $36,171.00 plus interest and penalties. Debtors allege "said taxes are dischargeable as they are applicable to a taxable year ending on or before the date of the filing of the petition for which a return was due after three years before the date of filing of the petition." (Doc. 1).

In lieu of an answer to Debtors' Complaint in this proceeding, the IRS filed a motion to dismiss, contending, in the alternative, that the Court lacks subject matter jurisdiction over Debtors' claim or that Debtors' Complaint is premature because they have not yet obtained confirmation of a plan and are not yet entitled to a discharge under § 1328. Debtors respond that their dischargeability complaint is ripe for determination and is proper pursuant to Rule 4007(b). In reply, the IRS urges this Court to (1) disregard Debtors'

response in opposition to its motion to dismiss because Debtors violated local rules 7.4 and 6.1(d) and (2) grant its motion as uncontested.

## DISCUSSION

■■■ As a preliminary matter, the Court notes that this motion could arguably be granted as an uncontested matter because Debtors' response was untimely. Debtors' response to the IRS' motion to dismiss was due no later than March 30, 2006,[3] but was not filed until April 7, 2006. D.Kan. Rule 7.4 provides if a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. But, because dismissal for failure to comply with local rules is an extreme sanction usually appropriate "only where a lesser sanction would not serve the interest of justice,"[4] the Court will proceed to analyze the merits of the Government's motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In determining such a motion, the court must presume all of plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff.[5] All well-pleaded facts, as distinguished from conclusory allegations, must be considered true.[6]

■■■ The IRS contends Debtors' request for a determination of dischargeability is

---

3. D.Kan. Rule 6.1(d)(2) provides, in pertinent part, that unless otherwise ordered by the court, responses for dispositive motions such as motions to dismiss must be filed and served within 23 days. This Court, sua sponte, extended the cited time to respond and set the response deadline as March 30, 2006.

4. *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir.1988)

5. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (citations omitted).

6. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) (citation omitted).

not ripe for determination under § 1328(a) or (b). Debtors counter that their dischargeability complaint is ripe and authorized by Rule 4007(b). The IRS rejoins that Rule 4007(b) applies only to dischargeability complaints filed after a case has been closed and cannot be construed to permit a determination of dischargeability pursuant to § 1328. The Court disagrees.

In *Swanson v. IRS*,[7] the IRS presented similar arguments and Judge Somers, in a well-reasoned opinion, rejected them. This Court agrees with Judge Somers' analysis and adopts it.[8]

As the Supreme Court stated, "[R]ipeness turns on the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' "[9] "The value of deciding is affected by the importance attached to the interests that may be injured, the extent of the anticipated injury, and the probability that injury will occur."[10] Some federal courts have considered that ripeness is required for them to have subject matter jurisdiction of an issue parties want to litigate.[11] Considering these factors, the Court concludes the dischargeability of this tax debt is ripe for decision.

Taxes of the kind and for the period specified in § 507(a)(8) are excepted from discharge under § 523(a)(1). Section 507(a)(8) gives eighth priority distribution rights to allowed unsecured claims of governmental units to the extent the claims are for "(A) a tax on or measured by income . . .–(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." Thus, Debtors seek a determination that taxes and penalties they owe the IRS are not covered by § 507(a)(8)(i) and so will not be excepted by § 523(a)(1)(A) from the discharge they hope to obtain under Chapter 13.

Debtors correctly note Rule 4007(b) provides that a complaint to determine the dischargeability of a debt may be filed at any time with a limited exception that does not include tax debts. As applicable when Debtors' Chapter 13 case was filed, Rule 4007(b) provided that "[a] complaint other than under § 523(c) may be filed at any time." Section 523(c) provides for the discharge of (1) debts arising from certain types of fraudulent conduct, (2) debts for willful and malicious injury, and (3) certain debts incurred in the course of a divorce or separation agreement, unless the creditor files a complaint and obtains an order excepting the debt from discharge. Because the tax liabilities in this case do not fall within the categories of debts listed in Section 523(c), a dischargeability complaint may be filed "at any time" pursuant to Rule 4007(b).[12] Statutory authority to file this complaint "at any time" suggests this matter is ripe for judicial consideration.

7. 343 B.R. 678 (Bankr.D.Kan.2006)(order denying defendant's motion to dismiss).

8. Although *Swanson* dealt with a Chapter 12 case, Judge Somers' analysis involved considerations of Chapter 13 cases due to the paucity of Chapter 12 cases on dischargeability determinations.

9. *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Devel. Comm'n*, 461 U.S. 190, 201, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

10. 13A Wright, Miller, & Cooper, § 3532.3 at 146.

11. *See, e.g., In re Coleman*, 333 B.R. 841, 844 (Bankr.N.D.Cal.2005).

12. *See In re Craine*, 206 B.R. 598, 600 (Bankr. M.D.Fla.1997).

Moreover, § 1322(a) requires the plan to provide for the payment in full of all § 507 priority claims over the life of the plan. Therefore, it is important to know now whether the debtor's tax obligations are dischargeable. If Debtors offer in the plan to pay less than the full amount of the obligations and the IRS consents to the treatment, the balance of the taxes is arguably discharged under § 1328(a). If they fail to make all their plan payments and seek a hardship discharge under § 1328(b), the taxes will be excepted unless they fall into one of the categories listed in § 523(a)(1) and § 507(a)(8). Thus, early resolution of the dischargeability question would allow debtors to modify their plan to propose paying the claim and avoid additional interest and penalties. Moreover, because the exceptions listed in § 523(a)(1) and § 507(a)(8) all are based on time limitations, the facts that control the dischargeability of the IRS' claims have already occurred, another indicator of fitness of the issue for judicial consideration.

The IRS cited several student loan cases to support its position. The IRS' reliance on those student loan cases is misplaced. First, student loans are not priority claims that must be paid in full in Chapter 13. Second, they are explicitly excepted from either Chapter 13 discharge by § 1328(a)(2) or § 1328(c)(1). Third, they are only dischargeable if forcing the debtor to pay them would work an undue hardship on him or, in the case of health care education loans, be unconscionable. Deciding these cases entails determining that the debtor is not only now unable to make the payments, but never will be due to permanent physical disability or some similar misfortune. In many cases, those determinations may more appropriately be made at the time of plan completion and discharge. Taxes, on the other hand, are either dischargeable or not, based on the strict statutory exceptions in § 523(a)(1) or

§ 507. These exceptions all are based on time limitations, not future considerations of the debtor's ability to pay.

In short, there is no reason to make Debtors wait for three to five years to find out if their taxes are dischargeable. If they are not, Debtors may make provisions to pay them through the plan now, without interest. Thus the issues are fit for decision now and delay would work a hardship on the debtors as well as the other creditors in the case who would benefit from a determination that the Government's debt is discharged.

■ Because the dischargeability of this tax debt is ripe for decision, this Court has subject matter jurisdiction to determine whether the tax debt may be discharged if the debtors are able to successfully complete their plan payments. The IRS' motion to dismiss on the grounds of lack of subject matter jurisdiction is denied. Likewise, the IRS' motion to dismiss based on debtors' failure to state a claim upon which relief may be granted is denied. Debtors are seeking a declaratory judgment that some or all of their debt to the IRS will be discharged if they are able to successfully complete their plan. Such a judgment would not grant them a discharge of their tax debt before they obtain plan confirmation and complete their plan payments, it simply lets them know ahead of time how a discharge will affect that debt.

### CONCLUSION

For these reasons, the Court finds that Debtors' Complaint to Determine Dischargeability of Debt is permitted under Rule 4007(b) of the Federal Rules of Bankruptcy Procedure, and that the matters raised in the Complaint are ripe for adjudication. The IRS' motion to dismiss is denied without prejudice. The IRS shall

have twenty (20) days from the date of this Order within which to file an answer or responsive pleading to the Complaint to Determine Dischargeability of Debt.